**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVINDER SINGH, | No. 19-71638 |
| Petitioner, | Agency No. A208-280-589 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Davinder Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of asylum as a discretionary matter. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). We review questions of law de novo. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

The agency did not abuse its discretion in its discretionary denial of Singh's asylum claim, where it properly considered and weighed all relevant factors before it. *See* 8 U.S.C. § 1252(b)(4)(D); *Kalubi*, 364 F.3d at 1139 (discussing the factors relevant to a discretionary asylum determination). Singh's contention that the agency erred by denying asylum as a matter of discretion before analyzing his statutory eligibility fails. *See* 8 C.F.R. § 1208.14(a) (giving the IJ authority to "grant or deny asylum in the exercise of discretion").

Substantial evidence supports the agency's determination that, even if Singh established past persecution in Punjab, his presumption of a clear probability of future persecution was rebutted by evidence that he could safely and reasonably relocate to another part of India. *See* 8 C.F.R. § 1208.16(b)(2); *Singh v. Whitaker*, 914 F.3d 654, 659-60 (9th Cir. 2019) (discussing the analysis required to determine whether the government met its burden to rebut the presumption of a well-founded fear of persecution by demonstrating that an applicant could safely relocate).

19-71638

Thus, Singh's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Singh's contentions that the agency ignored evidence or otherwise erred in its analysis of his claims also fail. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**